IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL EMTER,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS, MIKE BATISTA, MONTANA STATE PRISON, WARDEN LEROY KIRKEGARAD, and DR. EDWARDS,<br><br>Defendants. | CV 15-00056-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Christopher Emter filed an Amended Complaint, alleging violations of the Fifth, Eighth, and Fourth Amendments to the United States Constitution because he was held for three days in the cell where his cellmate was murdered. (Doc. 2.) The Complaint should be dismissed.

## I. BACKGROUND

Mr. Emter's original complaint failed to state a claim upon which relief

1

could be granted. Mr. Emter did not state an Eighth Amendment claim with regard to his placement in a particular cell because he did not set forth sufficient factual allegations to allege an objectively serious deprivation or to allege that any named defendant possessed a sufficiently culpable state of mind. Mr. Emter also failed to allege a serious mental health condition or to allege that Defendants were deliberately indifferent to this condition. (Doc. 10.)

## II. ALLEGATIONS IN THE AMENDED COMPLAINT

Mr. Emter filed an Amended Complaint (Doc. 14), but that pleading fails to address the deficiencies set forth in the Court's prior Order (Doc. 10). In fact, Mr. Emter provides even less information in his Amended Complaint than he provided in the original complaint. In his Amended Complaint, Mr. Emter lists the following: (1) a claim against Dr. Edwards for failing to properly evaluate him, denying him care, and not referring him for follow-up care after his discharge; (2) a claim against Director Batista and Warden Kirkegard for allowing Mr. Emter, an inmate classified as low custody, to be housed with high custody unit inmates; (3) a claim against Warden Kirkegard for not taking into consideration the fact that Mr. Emter was in shock after his cellmate was murdered; (4) a claim against Carla Strutzel and Nancy Sharkey, a case manager at MSP, for failing to house inmates by their classifications and placing Mr. Emter in the cell where his cellmate was

murdered for three days even though his cellmate's blood was not cleaned; (5) a claim against Nancy Sharkey for failing to provide referrals for mental health care upon his release; (6) a claim against Ms. Foster for placing Mr. Emter in the cell where his cellmate was murdered for three days even though his cellmate's blood was not cleaned and he was not provided proper cleaning supplies or laundry; (7) a claim against Mr. Wolhman for allowing Mr. Emter to witness the removal of his cellmate's body, denying clean laundry in the cell where his cellmate was murdered, and housing Mr. Emter in the cell where the murder occurred; (8) a claim against the Butte Pre-Release Center Inc. Director Jay Grant for denying Mr. Emter placement at the Butte Pre-Release from July to October 2012; (9) a claim against Adult Probation and Parole Officer Don Kelly for finding Mr. Emter guilty of two technical violations at a July 21, 2012 hearing and not providing Mr. Emter a proper hearing or forms to appeal; and (10) a claim against Adult Community Corrections Coordinator Pam Burkey for failing to properly investigate Mr. Emter's appeal of the technical violations at the Butte Pre-Release from July to September 2012. (Amended Complaint, Doc. 14.)

### III. SCREENING PURSUANT TO 28 U.S.C. § 1915, 1915a

As Mr. Emter is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These

statutes require the Court to review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune."

Mr. Emter's claims fall into three categories: (1) cell placement; (2) mental health treatment; and (3) claims regarding his pre-release violations.

### A. Cell Placement

Mr. Emter was advised in the Court's prior Order that he had failed to state a claim for placement in a particular cell. He has still failed to state a claim for relief. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (*citing Wilson v. Seiter*, 501 U.S. 294, 297–298 (1991)).

As the Court's stated in its prior Order, the Eighth Amendment protects

against cruel and unusual punishment, but this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. Although Mr. Emter was placed in a cell where his cellmate was murdered, he was only there for three days, and he does not provide sufficient factual allegations to establish that such placement caused him anything more than de minimis injuries. He has failed to set forth sufficient factual allegations to allege an objectively serious deprivation or that any named defendant possessed a sufficiently culpable state of mind. Mr. Emter did not state an Eighth Amendment claim with regard to his placement in a particular cell in either complaint.

This claim should be dismissed.

**B. Denial of Mental Health Care**

As set forth in the Court's prior Order, the Eighth Amendment requires that prisoners receive adequate medical care, including mental health care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Doty v. County of Lassen*, 37 F.3d 540, 546 (1994) (the requirements for constitutionally adequate mental health care are the same as those for physical health care needs). To state an Eighth Amendment medical care claim, a prisoner must allege both a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

5

Mr. Emter does not allege that he has a serious mental health condition or that Defendants were deliberately indifferent to this condition. In the Court's prior Order, Mr. Emter was instructed to provide information regarding what mental health problems he suffered, what treatment he required, how long he was denied this treatment, what requests he made to which Defendants, when he made those requests, and how Defendants responded to his requests. He provided no additional information in his Amended Complaint.

Mr. Emter's allegations are insufficient to state a claim for denial of mental healthcare, and this claim should be dismissed.

### C. Pre-Release Hearing

Mr. Emter's claims regarding the process he received when he was charged with technical violations at the Butte Pre-Release Center are barred by the applicable statute of limitations. There is a three-year statute of limitations applicable to Section 1983 cases in Montana. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); Mont.Code Ann. § 27-2-204(1). Mr. Emter complains of incidents that occurred between July 2012 and October 2012. Although he filed his original complaint on June 22, 2015, he did not raise these specific claims until his Amended Complaint. He filed the Amended Complaint on November 20, 2015, after the statute of limitations period passed. These claims should also be

6

dismissed.

## III. CONCLUSION

Mr. Emter failed to state a claim upon which relief may be granted. The undersigned advised him of the defects in his original complaint and gave him an opportunity to correct these defects by filing an amended complaint. The allegations in the Amended Complaint fail to state a claim upon which relief may be granted. Accordingly, it is clear that the defects with Mr. Emter's complaints could not be cured by amendment. This matter should be dismissed.

### "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Mr. Emter has failed to state a claim upon which relief may be granted. The dismissal of this case should constitute a strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be dismissed. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of

Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Complaints filed in this case are frivolous as they lack arguable substance in law or fact.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Emter failed to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Emter may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 4th day of April, 2016.

                                                  /s/ John Johnston
                                                  John Johnston
                                                  United States Magistrate Judge