

FILED

MAY 23 2016

Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHRISTOPHER MICHAEL EMTER, | CV 15–56–H–DLC–JTJ |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA DEPARTMENT OF CORRECTIONS, MIKE BATISTA, MONTANA STATE PRISON, WARDEN LEROY KIRKEGARD, and DR. EDWARDS, | |
| Defendants. | |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this case on April 4, 2016, recommending that Plaintiff Christopher Michael Emter's ("Emter") Amended Complaint be dismissed for failing to state a claim upon which relief may be granted. Emter timely filed objections to the findings and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a

"definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Emter's claims fall into what Judge Johnston recognized as three categories: (1) claims related to Emter's placement in the same cell at Montana State Prison where his former cellmate was murdered; (2) claims related to purported deficient mental health treatment; and (3) claims regarding his pre-release violations. Emter first filed a complaint contouring these claims in June 2015. Judge Johnston reviewed the complaint pursuant to 28 U.S.C. § 1915 and, across the board, concluded that Emter failed to articulate any viable claims. On October 23, 2015, Judge Johnston granted Emter leave to file an amended complaint, and provided three and a half pages of detailed instructions as to how Emter could cure the deficiencies in his pleading. Judge Johnston then reviewed Emter's amended complaint, filed November 20, 2015, concluded that Emter failed to heed his instructions, and recommended that the amended complaint be dismissed for failing to state a claim.

Emter objects to Judge Johnston's ultimate recommendation, but in so doing indicates only that he has done his best to conform the amended complaint to Judge Johnston's instructions, and that the form complaint available to him inadequately described how a pro se litigant is to state claim. While the latter point may be the case, nevertheless Judge Johnston endeavored mightily to lead

Emter towards crafting a sufficient pleading, and Emter's ultimate failure to do so

does not call Judge Johnston's analysis of what Emter has filed to date into

question. The Court fully trusts that had Emter come close to alleging any viable

claim, Judge Johnston would have liberally construed the allegations in Emter's

favor and let this civil action proceed. That the opposite has occurred here is

telling.

Accordingly, IT IS ORDERED that Judge Johnston's findings and

recommendations (Doc. 15) are ADOPTED IN FULL. This case is DISMISSED.

The Clerk of Court shall CLOSE this case and enter judgment pursuant to Rule 58

of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket

reflect that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules

of Appellate Procedure, that any appeal of this decision would not be taken in

good faith.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket

reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

DATED this __23rd__ day of May, 2016.

Dana L. Christensen, Chief Judge
United States District Court

-3-